The opinion of the Court was delivered by
RichaRDson, J.
The first ground requires this Court to consider whether a judicial officer is liable for any injury which may come to a party, by reason of any error of judgment which the officer may have committed by his adjudication, in the trial before him ? There is no view which can be taken of this inquiry which does not answer it in the negative.
The essential and characteristic distinction between a judicial and a ministerial officer, is, that the former is to give judgment, which requires perfect freedom of opinion ; but the latter is to execute, which supposes *472 obedience to some mandate prescribing what is to be done ; and leaving nothing to opinion.
Now, as opinion upon any subject is various and uncertain, we cannot direct the judgment, but must leave it to the honest dictates of the officer’s peculiar intellect, upon information acquired : and both information and intellect are so different, in different men, that it is vain to loot for the same correctness of adjudication. In all judicial questions, then, the very aim and duty of the officer is to give his true opinion after due inquiry; if erroneous, he can no *more answer for the error ~ than for the head which heaven has given him. All we ask of such an officer is the just picture which has been impressed upon the tablet of his intellect by the facts and the law together; and however discolored and distorted it may come out, yet if it be the true image of his intellectual impression,'we get just what we require, and all that he can give. Opinion, then, having no fixed test, nor measure, no equal scales, nor weights, all we can answer for is its honesty.
Turning from the intrinsic character of the judicial officer, let me ask if there is a known instance of a judge being rendered liable for a mere error of judgment ? I believe not one. Nor does the immunity I have alluded to, belong to judicial officers, properly so called, alone It belongs, I conceive, to every one whose mere opinion is called for, whatever may follow from the opinion offered. Suppose a cousellor to err in his opinion, is he liable? Never; unless wilfully wrong or negligent, or at least convicted of such ignorance as shows a depravity in undertaking to give an opinion.
Suppose a jury to give an unfortunate and mistaken verdict; or the governor, in a question referred to his opinion, were to commit an error, to my injury, or a legislator to introduce a law, which brings down ruin upon me ; and suppose either of these were sued at law; what would be the only safeguard in a court ? Simply, that his opinion being required, he honestly gave it as dictated by duty. At the same time there is no doubt that an extreme tuildness of opinion may prove a depravity or a wanton disregard of doing a wrong, either of which may make an officer liable. The pretence of ignorance, or the mantle of opinion, cannot protect or hide enormities. These would, in themselves prove the heart depraved, and not the head merely mistaken. And then, as was observed to the jury in the case before us, the judicial officer would be liable to any extent; and perhaps become more culpable than any other whatever; evidently, I *think, because there is reposed in him a -* higher confidence and greater discretion; and touching these, he, of course, commits greater treachery, than others whose integrity is less confided in.
Let us turn now to the probable effects of holding a judicial officer accountable for errors of judgment. Errors, not a few, he must of course commit, and many more in the opinion of those who judge his acts. His post would not be tenable by the ablest; for pecuniary ruin must attend his best exertions ; while he, in turn, would pursue those who misjudged his judgment. Suppose, for instance, the judge and jury had given judgment, for a mere mistake, against the justice, in the case before us ; might he not, in turn, have sued this judge and jury for their mistake ? And judgment being rendered for or against these, no matter which, the losers *473 would have a right still to pursne, in like manner, their mistaken judge and jury, and so on to infinity. If there could be a sea of litigation, wide, deep, and stormy, we should have it here, and all that I have noticed, the well meaning magistrate, and the faithful counsellor, the honest juror, and the upright judge, the patriotic statesman, and the magnanimous governor, steeped in litigation, would be all adrift in a perilous deep. Ño doubt some few would still venture out; but could we find a Palinurus able to swim three days and three nights to catch even the glimpse of his destination, without hyperbole, would not any judicial officer become interested to do no business ? And what an interested feeling might it not introduce, interchangeably, to cloak each other’s errors ; for man is man, and the selfish principle rules him.
B. J. Earle, for the motion. M'Euffie, contra.
As to the second ground, I have already said, if the justice acted wil-fully, he is liable ; and certainly when a judicial officer takes a bond of indemnity, for his acts, it is good proof that he suspected his own proceedings were erroneous. It is very reprehensible indeed. But many of the justices, though honest, are so ignorant, and are yet so indipensa-ble, that we *cannot, after the jury have found that the defend- r*i wo ant’s error was not wilful, consent to give a second chance to a hard L action. The error, too, is not palpable. Justices have jurisdiction in cases of attachment to three pounds, and many imposing arguments of analogy may be drawn, both from the constitution and from decisions upon the extent of their jurisdiction, to show that it is extended to twenty dollars, even in such cases, and the very doubt is some excuse. And though I may still suspect all that was meant by that bond, did not meet the eye, and though he probably went beyond his jurisdiction, which is much against him, yet, after the verdict, at least, I am disposed to treat Justice Burdine with the forbearance towards his errors, recommended by Sir, Wm. Blackstone, (see vol 1, 354,) to be observed towards justices generally.
And though I cannot add with the good Prior, (speaking of women,) “ let all their ways be unconfined,” yet I will say with him,
“ Be to their faults a little blind,
And to their virtues very kind.”
TJpon the third ground, there is scarcely such an interest in the juror as to render him incompetent to try the case. And were it greater, it is too late to take advantage of it after the trial, without notice to the jurors,- as has been before decided.[1]
The motion is dismissed.
Colcocic, Nott, Gantt and Johnson, JJ., concurred.

 Post. 264; ante, 79; 1 McC. R. 348.